**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4318**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

JOEL EUGENE HENRY, a/k/a Sleepy,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.  (5:06-cr-00022-RLV-CH-1)

Submitted:  June 9, 2009              Decided:  July 6, 2009

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant.  Thomas Richard Ascik, Amy Elizabeth Ray, Assistant United States Attorneys, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joel Eugene Henry pled guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute fifty grams or more of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2006), and was sentenced to 210 months in prison. Henry timely appealed.

Counsel for Henry filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether trial counsel provided ineffective assistance. Henry has filed a supplemental pro se letter that also asserted his trial counsel was ineffective. Finding no reversible error, we affirm.

Henry's counsel argues that trial counsel was ineffective for withdrawing his objections to two enhancements in the presentence report when the objections could have resulted in a four-level decrease in offense level. At sentencing, counsel explained that he withdrew the objections because the seven-level departure that the Government was recommending for Henry's substantial assistance resulted in a much a larger sentence decrease.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. United States v.

2

King, 119 F.3d 290, 295 (4th Cir. 1997). Instead, ineffective assistance claims are appropriately brought pursuant to 28 U.S.C.A. § 2255 (West Supp. 2008) to allow for adequate development of the factual record. Id. A defendant may raise an ineffective assistance claim on direct appeal only if the record conclusively demonstrates that defense counsel did not provide effective representation. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). To prove ineffective assistance a defendant must show both: (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

Here, the sentencing record does not conclusively demonstrate that counsel was ineffective. Counsel's decision to withdraw the objections to the enhancements was tactical, and thus is entitled to a strong presumption of reasonableness. Strickland, 466 U.S. at 689. Nor does Henry demonstrate a reasonable probability that the court would have lowered his sentencing guidelines range any further if counsel had not withdrawn the objections. Because the record does not

3

conclusively demonstrate ineffective assistance, this claim is not cognizable on direct appeal.[*]

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Henry, in writing, of the right to petition the Supreme Court of the United States for further review. If Henry requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Henry.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*] Under like reasoning, Henry's pro se contention that his trial counsel afforded ineffective representation must be raised in an appropriate post-conviction proceeding rather than on direct appeal. We find no merit to the remaining issues Henry raises in his pro se submission.

4